UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. BROOKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEICO INSURANCE,<br><br>　　　　　Defendant. | Case No. 23-cv-05085-RFL<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

　　　　LaTonya R. Brooks, who is proceeding without an attorney, filed a complaint against Geico alleging breach of contract, bad faith, and breach of implied covenant. (Dkt. No. 1.) Brooks brought the Complaint pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. (*Id.* ¶ 6.) For the reasons explained below, the law requires the Court to ensure it has jurisdiction before it hears the case, even if the parties do not raise the issue. Here, it does not appear that the allegations in the Complaint are currently sufficient to support the Court's federal subject matter jurisdiction. Brooks must address this by filing a first amended complaint (or, if she believes the Court's analysis to be incorrect, by submitting supplemental briefing) by January 31, 2024.

**LEGAL STANDARD**

　　　　"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The parties cannot waive or forfeit this requirement. *Id.* If a federal court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). The party

bringing the case in federal court has the responsibility of proving that there is subject matter jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

There are two bases for subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  Federal question jurisdiction requires that the claim arise under federal law.  28 U.S.C. § 1331.  Diversity jurisdiction has two requirements.  First, the parties must be citizens of different states.  *Id.* at § 1332(a)(1).  Second, the amount in controversy, meaning the amount of damages sought by the plaintiff, must "exceed[] the sum or value of $75,000, exclusive of interests and costs."  *Id.* at § 1332(a).

## DISCUSSION

Brooks asserts subject matter jurisdiction on the basis of diversity.  (Dkt. No. 1 ¶ 6.)  The Court must therefore consider whether there is diversity of citizenship between the parties and whether the amount in controversy exceeds $75,000.

It is unclear whether the parties are "citizens of different states."  28 U.S.C. § 1332(a)(1).  A natural person is a citizen of the state in which they reside and intend to remain, otherwise known as their domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332 (c)(1).

Brooks alleges that she is a resident of California and that Geico does business in Maryland.  (Dkt. No. 1 ¶¶ 1–2.)  She does not state where Geico is incorporated or where it has its principal place of business.  Because the Complaint does not allege enough information for the Court to determine which state Geico is a citizen of, it is not clear whether the parties are citizens of different states.

It is also unclear whether the amount in controversy exceeds $75,000.  The demand section of the Civil Cover Sheet is blank, and the Complaint does not state the amount of damages that Brooks is seeking.  (Dkt. No. 1.)

## CONCLUSION

For the reasons explained above, it does not appear to the Court that the Complaint properly asserts diversity jurisdiction. If Brooks believes that the Court's analysis is incorrect, she may file a supplemental brief explaining why this case should not be dismissed for lack of subject matter jurisdiction. Alternatively, Brooks may file a first amended complaint that includes (1) an allegation of the state(s) in which Geico is incorporated and has its principal place of business, and (2) an allegation of how much damages she is seeking, which must be over $75,000, and the facts supporting the alleged amount of damages. Brooks is advised that the Court cannot refer to prior pleadings to make an amended complaint complete. Any amended complaint must be complete in itself, including all claims and parties, because it replaces the previously filed complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **The supplemental briefing or first amended complaint must be filed by January 31, 2024. If Brooks does not file supplemental briefing or an amended complaint by January 31, the Court may dismiss this case for lack of subject matter jurisdiction.**

Brooks is encouraged to seek free assistance from the Northern District's Legal Help Center; she can make a telephone appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org. There is no charge for this service. The District Court also has a handbook on civil litigation for pro se litigants, available at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf.

**IT IS SO ORDERED.**

Dated: December 21, 2023

RITA F. LIN
United States District Judge